# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALTICOR INC. AND AMWAY CORP.,**

        **Plaintiffs,**

-vs-                                                              **Case No.  6:14-cv-542-Orl-37DAB**

**UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, AND WARNER MUSIC GROUP CORP.,**

        **Defendants.**

_____/

**UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, ARISTA MUSIC, ARISTA RECORDS LLC, PROVIDENT LABEL GROUP LLC, ZOMBA RECORDING LLC, ATLANTIC RECORDING CORPORATION, WARNER BROS. RECORDS INC., and WARNER MUSIC LATINA INC.,**

        **Plaintiffs,**

-vs-                                                              **Case No.  6:14-cv-1511-Orl-37DAB**

**TIM FOLEY (a/k/a THOMAS D. FOLEY), FOLEY & COMPANY, INC., THE FOLEY CORPORATION OF AMERICA, EFINITY, INC., EFINITY EVENTS LLC, PEDRO LIZARDI, PATSY LIZARDI, LIZARDI & COMPANY, INC., BILL CHILDERS, STEVEN WOODS, ANNETTE WOODS, S & A WOODS AND ASSOCIATES INTERNATIONAL, INC., PRONET OF THE AMERICAS, INC., IVAN MORALES, JR., JOSE COHEN, TEAM GLOBAL USA, CORP., TEAM GLOBAL INC., DEXTER YAGER, INTERNET SERVICES CORP., D. & B. YAGER ENTERPRISES, INC.,  PEGGY**

**BRITT, BILL & PEGGY BRITT, INC., BRITT WORLDWIDE, LLC, LARRY WINTERS, PAMELA WINTERS, LEADERSHIP TEAM DEVELOPMENT, INC., NANCY DORNAN, AMBASSADOR MARKETING INTERNATIONAL, INC., NETWORK TWENTYONE INTERNATIONAL, INC., KENNETH O. WOODS, BILLY O. CHILDERS, JUSTIN M. HOLDER, CHILDERS ENTERPRISES, INC., TNT INC. OF CHARLOTTE, N.C., and DOES 1 through 35, inclusive,**

      **Defendants.**
_____/

**UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, ARISTA MUSIC, PROVIDENT LABEL GROUP LLC, WARNER BROS. RECORDS INC., ATLANTIC RECORDING CORPORATION, ELECTRA ENTERTAINMENT GROUP, INC., and WARNER MUSIC LATINA INC.,**

      **Plaintiffs,**

**-vs-**                                    **Case No. 6:14-cv-2045-Orl-37DAB**

**NARUSS MAHAKKAPONG (a/k/a BOB JOE and d/b/a FOREVER AND A DAY and FOREVER AND A DAY NORTH AMERICA), SAMORNSRI MAHAKKAPONG (a/k/a NUCHIE JOE and d/b/a FOREVER AND A DAY and FOREVER AND A DAY NORTH AMERICA), FOREVER AND A DAY (d/b/a FOREVER AND A DAY NORTH AMERICA), BRADLEY DEHAVEN (d/b/a DEHAVEN ENTERPRISES), KIM DEHAVEN (d/b/a DEHAVEN ENTERPRISES), MOTIVISION MEDIA, LLC (d/b/a/ TEAM ONE), LUIS CHAVEZ, MARIA CHAVEZ, FRANCISCO BAZAN (a/k/a PACO BAZAN), GEOVANA BAZAN, VISION GLOBAL, LLC, PRUTSANAI**

**MAHAKKAPONG (a/k/a PATRICK
MAHAKKAPONG and PATRICK JOE),
RAMANYA CHUDATAMEE (a/k/a JOYCE
JOE), BRAVEBERRY, LLC (d/b/a
BRAVEBERRY GLOBAL), and DOES 1
through 20, inclusive,**

       **Defendants.**
_____/

# REPORT AND RECOMMENDATION AND ORDER AND NOTICE OF HEARING

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration following a status conference with all parties in the three related cases. The cases present in an inherently complex posture. At issue in all of the cases are violations of copyrights owned or controlled by the record company Plaintiffs in the 1511 and 2045 case, some of whom are also Defendants/Counterclaimants in the 542 case (collectively, the "Record Companies"). The Record Companies assert these claims against Alticor, Inc. and Amway Corp. (Plaintiffs in the 542 case), Amway International, Inc. (Counterclaim Defendant in the 542 case),[1] and against at least 47 Amway distributors, referred to as "Independent Businesses." The Record Companies claim that Amway and the Independent Businesses have used copyrighted music in hundreds of Internet videos promoting Amway and its products ("the Accused Videos"). For its part, Amway asserts that the Record Companies named in the 542 suit breached a cooperation agreement which arose out of an earlier suit for infringement, and sues for breach of contract, as well as a declaration that Amway is not directly, vicariously, or contributorily liable for alleged acts of copyright infringement relating to the Accused Videos.[2]

The 542 case was filed in April 2014. A Case Management and Scheduling Order ("CMSO") has been entered in that case (Doc. 57), and discovery is underway. The 1511 case was filed five

---

[1]Alticor, Amway Corp., and Amway International are referred to collectively as "Amway."

[2]Amway asserted various other claims, but the only claims that have survived dismissal are Count I (breach of contract) and Count V (Declaratory Judgment). *See* Doc. 63, 89.

-3-

months later, in September 2014, and the 2045 case was filed December 12, 2014. Although the parties in the latter cases have filed Case Management Reports, no CMSO have issued to date.

At the conference, all parties acknowledged that, while each case includes other issues, all three have common issues. While some of the parties are in favor of consolidation, others note that the first case is farther ahead than the latter cases and, were the Court to apply the existing deadlines to the latter cases, a shortened discovery period than would otherwise apply would result. Keeping the three cases on individual tracks, however, impairs efficiency and would result in unnecessary duplication of effort with respect to the identical core issues.

The cases also present with difficulties regarding the scope of discovery. The parties recognize the need to impose reasonable limits on core discovery applicable to all cases, but seek appropriate leeway with respect to individual claim specific matters. The Court is mindful that this must be accomplished without sacrificing the orderly and steady progress of the cases toward a timely resolution.

In sum, scheduling in these complex cases involves reconciling legitimate case management concerns with the requirements of due process.

The undersigned has considered the various positions of the parties and concludes that some consolidation for pre-trial purposes (up to but not including dispositive motions) is necessary and appropriate here. This is easier said than done, however. While the normal course would be to consolidate the cases, identify the low numbered case as a lead case, and require all filings to be made in that case, the idiosyncracies of the Court's electronic filing system do not accommodate filing by a party who is both Plaintiff in one case and Defendant in a consolidated case. For this reason, an additional docket, as detailed below, is recommended.

As for case management issues, the sheer number of parties, counsel, and witnesses present a scheduling nightmare, even assuming the utmost good faith amongst all concerned. Moreover, the

parties have different interests and different needs and expectations regarding "appropriate" discovery. While the magistrate judge is available to resolve the discovery disputes that will invariably arise in large cases, that availability is, of course, not unfettered. It may be that appointment of a Special Master to act as a discovery project manager is necessary in order to ensure that the case moves along in a fair and orderly fashion. At this juncture, however, the parties have asked for a chance to see if they can work together to manage the case without the additional expense of a Special Master, and the Court is inclined to allow the parties that opportunity.

Upon consideration of the foregoing, the following actions are **recommended**:

1) The Court should order the cases be consolidated for discovery purposes, up to the dispositive motion phase. This consolidation can be accomplished by directing the Clerk to open a new case, directly assigned to the current District Judge and Magistrate Judge, to be entitled *In re: Record Company Infringement Litigation.* For purposes of filing in the new docket, the Record Companies shall be designated as Plaintiffs, with Amway and the Independent Businesses designated as Defendants. All filings going forward should be made in the new docket, save for matters pertaining solely to a non-common, discrete aspect of an individual case. It is anticipated that, upon completion of discovery, the Court may wish to consider whether the cases should proceed through dispositive motions and/or trial together and, if so, filings should continue to be made in the new docket. If the cases are to proceed separately, the Court can direct that dispositive motions and subsequent filings be made in the individual three case dockets.

2) A CMSO should be issued in the newly consolidated cases, which will supersede the existing CMSO in the 542 case. All current deadlines should be extended for three months.

*Discovery Issues*

Regardless of whether the cases are consolidated, coordination of discovery is appropriate. As the parties have requested an opportunity to try to coordinate discovery without the aid of a Special

Master, all parties are **ORDERED** to confer and formulate a discovery plan which shall include, at a minimum: 1) the number of depositions necessary (in view of the parties' agreement that each deposition can be used in all three cases); 2) the length and division of time for each deposition (recognizing that some depositions may reasonably require additional time, while others can reasonably be concluded in far less time than the Rules provide); 3) the framework of a discovery calendar, with commitments of availability of at least one counsel for each party on the dates agreed to;[3] and 4) agreements or stipulations on any other matters that serve to streamline the discovery process. This discovery plan shall be **filed** in a status report in the consolidated docket or, if none, in all three cases, by **May 11, 2015.**

Consistent with the goal of facilitating the discovery process, the Record Companies are **directed** to formulate a chart which contains: 1) identification of each Accused Video; 2) the party (or concise description, if actual name is unknown, *e.g.*, "business manager of XYZ corp.") accused of infringing with respect to each particular Accused Video; 3) the type of infringement alleged for each accused with respect to each particular Accused Video (*e.g.*, direct, contributory, vicarious); and 4) a summary of the basis for each contention. Where available, the chart should include links to subject or documentation of the entry. The parties are directed to confer as to whether additional or different information should be included in the chart.

The chart itself is not evidence or pleading, but a tool to be used to keep track of the numerous claims, and to assist the parties in formulating and responding to discovery. It is expected that the chart will be supplemented or amended throughout the discovery process, as evidence develops and claims are further clarified (or resolved). The chart is to be served on all other parties by **May 11, 2015.**

---

[3] The plan is necessarily preliminary, as it is dependent upon witness availability and case developments.

**TAKE NOTICE** that a discovery status conference will be held before the undersigned on **WEDNESDAY**, **MAY 13, 2015** at **10:00 A.M.** in Courtroom #6D, U.S. Courthouse, 401 W. Central Boulevard, Orlando, Florida. At this conference, the Court will consider whether the parties have made sufficient progress to forego the appointment of a Special Master, or whether the difficulties presented are such that more active case management is required.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended and Ordered in Orlando, Florida on April 10, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy